## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| TERRYE BRYANT | § | |
| | § | |
| V. | § | CASE NO. 4:11cv68 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final

decision of the Commissioner denying his claim for Supplemental Security Income ("SSI").  After

carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the

administrative record, the Court finds that the Commissioner's decision should be **REVERSED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits

under Title XVI of the Social Security Act on September 28, 2006, claiming entitlement to disability

benefits due to scoliosis, degenerative joint disease of the left knee, and obesity.  Plaintiff's

application was denied initially and on reconsideration.  Pursuant to Plaintiff's request, hearings

were held before an Administrative Law Judge (ALJ) in Dallas, Texas on June 12, 2008.  Plaintiff

was represented by counsel at the proceeding.  At the hearing, Plaintiff testified.

On July 8, 2008, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled."  Plaintiff

requested Appeals Council review, which the Appeals Council granted on September 12, 2008.  The

Appeals Council requested remand of the case to an ALJ, and vacated the July 8, 2008 denial of

Plaintiff's claim. The ALJ was charged with undertaking specific reviews of the evidence and

additional testimony if warranted. Specifically, the ALJ was instructed to evaluate the claimant's primary care provider's opinions under the Social guidelines and explain the weight given to such opinions. He simply ignored this requirement and proceeded as he had in the prior hearing.

Upon remand, two additional hearings were held on July 20, 2009 and March 22, 2010. Plaintiff was represented by counsel at the proceedings.  Plaintiff testified at the July 20, 2009 hearing.  At the March 22, 2010 hearing, Plaintiff, the ALJ's medical expert, Howard H. McClure, Jr., M.D., and the ALJ's vocational expert, Talesia Beasley, testified.

On May 14, 2010, the ALJ again denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on November 16, 2010.   Therefore, the May 14, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g).  *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ made the following findings:

1.     The claimant has not engaged in substantial gainful activity since September 28, 2006, the application date (20 C.F.R. 416.971 *et seq.*).

2.     The claimant has the following severe impairments: scoliosis, degenerative joint disease of the left knee, and obesity (20 C.F.R. 416.920(c)).

3.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

4.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. 416.967(b).

2

5.      The claimant is unable to perform any past relevant work (20 C.F.R. 416.965).

6.      The claimant was born on January 15, 1973 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. 416.963).

7.      The claimant has a limited education and is able to communicate in English (20 C.F.R. 416.964).

8.      Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. 416.968).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since September 28, 2006, the date the application was filed (20 C.F.R. 416.920(g)).

(TR 14-18).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support

the decision.  *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment.  42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520 (1987).  First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled.  20 C.F.R. § 404.1520(b) (1987).  Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987).  Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987).  20 C.F.R. § 404.1520(d) (1987).  Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work.  20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy.  A claimant who cannot return to his past work is not disabled if he has the

4

residual functional capacity to engage in work available in the national economy.  20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987).  Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding.  *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## ANALYSIS

In her second point of error, Plaintiff argues that the ALJ failed to take into consideration her treating physician's opinion and medical expert testimony regarding limitations resulting from Plaintiff's impairments.  The Court disagrees with Plaintiff's analysis because the ALJ simply ignored her treating physicians and made no reference to such in his opinion.  Although the Appeals Council instructed him to do so, he ignored the order and side stepped what is required in this Circuit.

The Court believes a remand is meaningless under the facts before it and therefore reverses the decision.  When an ALJ refuses to apply 5th Circuit law and ignores the direction of his own agency's appeals council, nothing would be gained by remanding the decision to that ALJ. Remanding the decision to another ALJ frustrates the orderly administration of justice.  No mention was made in the ALJ's two opinions of her treating physicians.  The ALJ is not free to pick and choose the evidence to obtain the result he wants. *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000). Failure to even consider the treating physician's opinion runs afoul of this Circuit's decision in

*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).  Even the ME testifying at the hearing arrived at a different RFC than that arrived at by the ALJ.  Of course, the ALJ only cited to what supported his opinion from that testimony.  There is no need to address any further errors.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **REVERSED for the reasons noted and in the interest of justice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 12th day of July, 2012.**

_____

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE